IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL NO. 1:08CR81

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| VS. ) | **MEMORANDUM AND** |
| ) | **O R D E R** |
| ) | |
| DONALD EUGENE BORGO ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's motion to dismiss the indictment herein filed October 9, 2008. The Government opposes the relief sought. **Government's Response to Defendant's Motion to Dismiss, filed October 14, 2008.** For the reasons stated herein, Defendant's motion to dismiss is denied.

## I. BACKGROUND

The indictment charges that on or about March 27, 2008, in Cleveland County, within the Western District of North Carolina, Defendant, having been convicted of the felony of possession with intent to distribute a Schedule II controlled substance on or about August 3, 2005, did


knowingly possess a .380 semi-automatic handgun which had passed in interstate commerce, in violation of 18 U.S.C. § 922(g)(1).  **Bill of Indictment, filed May 29, 2008.**

## II.  DISCUSSION

It should be noted that counsel for Defendant has previously filed motions in other cases containing similar arguments that have been rejected by the Court.  The Court has considered the instant motion and finds no reason to depart from its previous rulings.

Defendant cites the recent case decided by the United States Supreme Court in support of his motion to dismiss.  **Defendant's Motion, *supra* (citing *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008)).**  Following the Supreme Court's decision in *Heller*, the issue presented is whether this Defendant, a convicted felon, has a constitutionally protected right to own a firearm such that the indictment herein should be dismissed.

In *Heller*, the Supreme Court considered "whether a District of Columbia prohibition on the possession of usable handguns in the home violates the Second Amendment to the Constitution."  ***Heller*, 128 S. Ct. at 2787-88**.  Heller, a District of Columbia special police officer, applied for a

registration certificate that would allow him to lawfully keep a handgun in his home. *Id.* **at 2788.** The District denied his application and respondent filed a lawsuit in federal court for the District of Columbia "seeking, on Second Amendment grounds, to enjoin the city from enforcing the bar on registration of handguns, the licensing requirements insofar as it prohibits the carrying of a firearm in the home without a license, and the trigger-lock requirement insofar as it prohibits the use" of operational firearms in the home. *Id.* The district court dismissed Heller's complaint. ***See Parker v. District of Columbia*, 311 F. Supp. 2d 103, 109 (D.D.C. 2004).** In reversing the district court's order of dismissal and ordering that summary judgment be entered for Heller, the D.C. Circuit "held that the Second Amendment protects an individual right to possess firearms and that the city's total ban on handguns, as well as its requirement that firearms in the home be kept nonfunctional even when necessary for self-defense, violated that right." ***Parker v. District of Columbia*, 478 F.3d 370, 401 (D.C. Cir. 2007)*; see also*, *Heller*, 128 S. Ct. at 2788.** After granting a writ of *certiorari*, the Supreme Court affirmed the D.C. Circuit's opinion.

In the instant case, the Schedule II felony drug conviction, which Defendant does not contest here, provides the underlying basis for

Defendant's current charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). **Indictment, *supra*.** Defendant contends *Heller* grants him the constitutionally protected right to possess a firearm despite his status as a convicted felon, however, he concedes the rights conferred by the Second Amendment are "not absolute." **Defendant's Motion, at 3.** Defendant's counsel minimizes the import of the cautionary language included in the majority opinion authored by Justice Scalia and joined by four other Justices.[1]

> Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons[.]

*Heller*, **128 S. Ct. at 2816-17.** Defendant's counsel appears to suggest that this Court should disregard this clear language from the Supreme Court's majority opinion; the Court declines to do so. Although the Court need not look beyond *Heller* in denying Defendant's motion to dismiss, it is important to note that the Fourth Circuit has addressed the constitutionality of 18 U.S.C. § 922(g) on several occasions and squarely rejected each challenge. ***See United States v. Wells*, 98 F.3d 808, 811 (4th Cir. 1996)**

---

[1]Justice Scalia was joined in the majority opinion by Chief Justice Roberts, and Justices Kennedy, Thomas, and Alito.

(rejecting Commerce Clause argument); *United States v. Bostic*, 168 F.3d 718, 724 (4th Cir. 1999) (rejecting Tenth Amendment argument); *United States v. Mitchell*, 209 F.3d 319, 323 (4th Cir. 2000) (rejecting Fifth Amendment Due Process claim).

Based on the foregoing, the Court declines to read *Heller* as in any way providing the relief sought.

## III. ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion to dismiss is **DENIED.**

Signed: October 16, 2008

Lacy H. Thornburg
United States District Judge